COUNTIES AND COUNTY OFFICES The district attorney is not required to appear and represent the board of trustees of an emergency medical services district because it does not qualify as a county office under the provisions of 19 O.S. 215.5 [19-215.5] or 19 O.S. 215.25 [19-215.25] (1977). The Attorney General has received your request for an opinion concerning the relationship between the board of trustees of an emergency medical services district and the local district attorney, relating to legal advice and defense services. You ask, in effect, the following question: If requested, in writing, is the district attorney required to appear and represent the board of trustees of an emergency medical services district as legal advisor in either a collection action or when said board is sued? Title 19 O.S. 215.5 [19-215.5] (1977) provides as follows: "The District Attorney or his assistants shall give opinion and advice to the board of county commissioners and other civil officers of his counties when requested by such officers and boards, upon all matters in which any of the counties of his district are interested, or relating to the duties of such boards or officers in which the state or counties may have an interest." Title 19 O.S. 215.25 [19-215.25] (1977) provides, in part, as follows: "In the event an action is brought against a county employee in any civil action or special proceeding in the courts of this state or of the United States by reason of any act done or omitted in good faith in the course of employment, it is the duty of the district attorney for that county, when requested in writing by the employee, to appear and defend the action or proceeding in his behalf. Such written request shall be made within fifteen (15) days after service of summons on the employee and a copy of the request shall be transmitted by the employee to his immediate supervisor and the district attorney. "B. The district attorney shall not represent a county employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding. "C. The district attorney may intervene in any such action or proceeding and appear on behalf of any county within his district, or any of its officers or employees, where he deems the state to have an interest in the subject matter of the litigation." When the intent of the Legislature is plainly expressed, there is no room for construction. Johnson v. Ward, 541 P.2d 182 (Okl., 1975). A plain reading of these statutes reveals that the district attorney can give opinions, advice, and provide defense services only to county officers and employees. The issue presented by the facts here is whether the board of trustees of an emergency medical services district can be considered a county office, thereby making the board subject to the advice and services of the district attorney. In an analogous case, Board of County Commissioners v. Robertson, 35 Okl. 616, 130 P. 947 (1913), it was insisted that it was the official duty of the county attorney to serve as the attorney of the board of a drainage district. The Oklahoma Supreme Court held that a drainage district was a separate, independent and distinct entity from the county. The Court held in Robertson, supra: "It is not brought into existence or created for the purpose of either county, township, or any other species of municipal government. "The statute fixing the duties of the county attorney relates in no particular (sic) whatsoever to such a project as this and he is neither elected nor paid by the county to devote his time and attention to prosecuting or defending the necessary legal details essential to the proper formation of such district." Emergency medical service districts are established pursuant to Article X, Section 9C of the Oklahoma Constitution. The districts are formed after the local board or boards of county commissioners call a special election to determine whether or not an ambulance service district should be formed. Each authorized district has a board of trustees composed of not less than five members chosen by the board or boards of county commissioners. The board of trustees has the power to promulgate and adopt rules, procedures, and contract provisions necessary to carry out the purposes of the amendment, it has the power to hire appropriate personnel to operate the service, and, the power to bring suits to collect money owed and to sue and defend itself. The board also has the power to issue bonds. A plain reading of Article X, Section 9C of the Oklahoma Constitution, in light of the language in Robertson, supra, reveals that there is nothing to indicate that such a district or the board of trustees of such district, or its members, is a county office or a county officer within the meaning of 19 O.S. 215.5 [19-215.5] and 19 O.S. 215.25 [19-215.25] [19-215.25] (1977). The board of trustees has the duty to hire requisite personnel, and make the necessary rules and procedures to fulfill their function without interference from any outside body. Emergency medical service districts do not necessarily follow county boundary lines. Rather they may "embrace a county, as part thereof, or more than one county or parts thereof" subject only to the condition that if "the area covers only a part or parts of one or more counties, the area must follow school district boundary lines." No mention is made of the district area remaining within a certain district attorney's jurisdiction, therefore, if it was the duty of the district attorney to represent the district, it follows that such district could straddle jurisdictional borders of two or more district attorneys. That situation would then raise the issue of which district attorney would have the burden of, or the precedence in, supplying legal services to the district. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The district attorney is not required to appear and represent the board of trustees of an emergency medical services district because it does not qualify as a county office under the provisions of 19 O.S. 215.5 [19-215.5] or 19 O.S. 215.25 [19-215.25] (1977). (PAUL C. DUNCAN)